UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WAYNE POTTER,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>LOS ANGELES COUNTY COURT,<br><br>　　　　　Respondent. | CASE NO. CV 14-8782 CAS (RZ)<br><br>ORDER TO SHOW CAUSE |

　　　　　The Court issues this Order To Show Cause directed to Petitioner because the face of the petition suggests that his challenge to his 1989 conviction may be time-barred. (Petitioner also fails to use this district's required petition form, *see* CIV. L.R. 83-16.1, and to name the proper respondent, namely his prison's warden. The Court need not address those shortcomings at this time, however.)

　　　　　In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). But for Petitioner, whose conviction became final before AEDPA took effect, the limitation period begins with AEDPA's effective date of April 24, 1996. *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir. 1999).

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the statute also is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010).

Petitioner indicates that he signed the current petition on September 30, 2014. (He initially filed it in the Northern District of California, which transferred the action here on November 12.) From the face of the petition and from judicially-noticeable materials, the Court discerns as follows:

(a) In 1989, Petitioner pleaded no contest to a charge of child molestation in Los Angeles County Superior Court. He received a brief sentence that he estimates as "3 days" in duration. Pet. at 1. (This suggests that Petitioner no longer is "in custody" pursuant to the targeted conviction and, therefore, that the Court may lack subject matter jurisdiction. 28 U.S.C. § 2254(a) (courts may entertain habeas petitions from persons who are "in custody pursuant to the judgment of a State court"); *cf. Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 403-04 (2001) (inmate cannot invoke habeas to challenge a prior conviction, fully expired, on the grounds that it was invalid and resulted in enhancement of current sentence) (sole exception if petitioner was denied counsel altogether at prior proceeding).)

(b) In the 25 years since his conviction, Petitioner has filed nothing in the California Supreme Court, based on the Court's search of public records. (This suggests yet another shortcoming, namely that Petitioner has not exhausted any claims, as is required for relief in this Court. 28 U.S.C. § 2254(b).)

\* \* \* \* \*

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. It became stale in April of 1997, one year after AEDPA's effective date.

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause in writing why this

action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 30 days from the filing date of this Order.

If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

IT IS SO ORDERED.

DATED: November 14, 2014

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE